UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GO ASK ANYONE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRONICLE BOOKS, INC., <br> MAURA WALTRIP, <br> CAMERON MOORE <br> Defendants. | Civil Action No. 05-11908-RWZ |

## MOTION OF PLAINTIFF
## GO ASK ANYONE, INC. FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff, Go Ask Anyone Inc., hereby moves this Court for a preliminary injunction ordering Defendants Chronicle Books Inc., Maura Waltrip and Cameron Moore, and their respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction, to refrain from using, authorizing or employing the name or make ASK IT and the trade dress of the ASK IT packaging as more fully articulated in the Prayer for Relief below. The name ASK IT and the packaging of the conversation card game infringing on the GO ASK conversation card games which have priority in the market.

The grounds for this motion are as follows:

Plaintiff, Go Ask Anyone, Inc. ( " Go Ask Anyone " ) is a small company run by one person. Go Ask Anyone develops card games which are designed to encourage fun and interesting conversations between family and friends. In 2003, Go Ask Anyone began marketing its card games under the registered trademarks and trade dress GO ASK ANYONE®, GO ASK

YOUR FATHER®, GO ASK YOUR MOTHER®, GO ASK YOUR GRANDPARENT®, GO ASK YOUR TEENAGER®, and GO ASK YOUR GIRLFRIENDS® (hereinafter collectively referred to as the " GO ASK " marks). The cards are packaged in colorful boxes with the trademark, for example, GO ASK YOUR FATHER®, in a conversation bubble with an exclamation point creating a distinctive trade dress. The games are sold in national chains and independent bookstores in the United States, as well as Canada and the Bahamas. The products are also available on-line at Amazon.com.

In May 2005, Go Ask Anyone became aware that Chronicle Books, LLC ( " Chronicle " a San Francisco based publishing company, launched a product called ASK IT which purports provide the same or similar conversation-sparking questions as the GO ASK games. The ASK IT game is packaged in a similar manner to the GO ASK products, with a conversation bubble the packaging. In June 2005, Go Ask Anyone sent a cease and desist letter to Defendants pointing out the similarities between the GO ASK and ASK IT products, names and packaging. After a series of negotiations in July and August, Chronicle agreed to cease all promotion and further sales of the ASK IT decks in their current packaging. Representations were made by Chronicle that the contract between Waltrip, Moore and Chronicle would prevent the individual authors from promoting the product on their own. In return, Go Ask Anyone agreed not to pursue other remedies through a preliminary injunction.[1]

Despite Chronicle's representation that it would cease promotion and further sales of the ASK IT decks in the original infringing packaging, it has not done so. Instead, Defendants have embarked on a national campaign to publicize the ASK IT decks including a promotion in th

---

[1] Go Ask Anyone contends that the term "ASK IT" is an infringement on "GO ASK." Chronicle represented it it might repackage the product and continue to sell. However, because Go Ask Anyone is a small company with limited resources, it made the decision to wait and see if Chronicle decided to re-design and re-issue rather than seeking an injunction on the use of the name prospectively.

2

national magazine " O – The Oprah Magazine " in the September, 2005 issue; and on the Amazon.com and Target.com web sites.  The promotion in "O - The Oprah Magazine" specifically directs potential purchasers to contact Chronicle through www.chroniclebooks.com to order the product.

    Chronicle misrepresented its intentions to cease promotion and sales of the ASK IT deck with the intent to fraudulently defer Go Ask Anyone from seeking an injunction, the success of which would have curtailed the national promotion of ASK IT in "O - The Oprah Magazine." The ASK IT product in "O - The Oprah Magazine" is in the exact same packaging and is the exact same product that Chronicle agreed to stop promoting and selling.  Clearly any injunction obtained in August or earlier would have stopped the presses on the "O" publication and promotion.  Chronicle appears to have taken advantage of the fact that Go Ask Anyone is a small company and hedged their bets that it would not be able to sustain a legal battle once the promotion had already occurred.  Independent of the failure of Chronicle to abide by the cease and desist, the ASK IT product in and of itself infringes on the trademark rights of Go Ask Anyone, and Defendants have entered the marketplace with knowledge of a prior user.

    Defendants have knowingly and willfully infringed on the GO ASK marks and trade dress.  As a result, Go Ask Anyone seeks an injunction for the following:

    A.    Enjoin Defendants from selling their remaining inventory of ASK IT card games.

    B.    Order Defendants to destroy the remaining stock of ASK IT card games.

    C.    ORDER Defendants to notify each retailer to whom it has sold the ASK IT card games to return the games to the publisher; such stock will be destroyed;

    D.    ORDER Defendants to immediately take the ASK IT product off any websites their custody or control and cease offering the product for sale;

E. Enjoin all Defendants from using the name ASK IT on any future products;

F. ORDER Defendants to contact amazon.com and Target.com and any other companies which are marketing the infringing product on the web and notify such companies that the materials must be removed from the website as well as other advertising materials;

G. ORDER Defendants to produce a list of all entities which have purchased the product so that a copy of the Court Order can be sent to each;

H. ORDER Defendants to cease and desist marketing the ASK IT product including but not limited to ceasing all book tours and other promotional appearances;

I. If the court finds that only the trade dress is infringing, enjoin Plaintiffs from filling any orders received as a result of advertising and promotions in the infringing trade dress;

J. Enter judgment for go Ask Anyone, Inc. and against Defendants on all counts of the Verified Complaint;

K. Award Go Ask Anyone, Inc. the full amount of its monetary damages;

L. Treble such damages as provided by law;

M. Award Go Ask Anyone, Inc. interest, costs and attorneys' fees; and

N. Grant such other relief as the Court deems just and appropriate.

           The Plaintiff,
           **GO ASK ANYONE, INC.,**
           By its attorneys,

           */s/ Maureen Mulligan*
           Maureen Mulligan (BBO #556482)
           Stacey Friends (BBO #647284)
           RUBERTO, ISRAEL & WEINER, P.C.
           100 North Washington Street
           Boston, Massachusetts 02114
           (617) 742-4200

Dated: September 28, 2005

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Go Ask Anyone, Inc. requests that the Court allow oral argument on this Motion and states that sixty (60) minutes will be sufficient for both parties to address the issues raised in this Motion.

### Rule 7.1(A)(2) CERTIFICATE

I, Maureen Mulligan, hereby certify that Go Ask Anyone, Inc. has negotiated with Chronicle in an attempt in good faith to resolve or narrow the issues which are the subject of his Motion.

Dated: September 28, 2005                                  */s/ Maureen Mulligan*
                                                                     Maureen Mulligan

U:\MSM\Go Ask Anyone\Pleadings\Motion for Prelim Inj.doc